# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Andreas Pleschutznig, | : Civil Action No.: 4:12-cv-02222 |
| Plaintiff, | : |
| v. | : |
| | : **COMPLAINT** |
| ProCollect, Inc., | : **JURY** |
| Defendant. | : |

For this Complaint, the Plaintiff, Andreas Pleschutznig, by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), in its attempts to collect a consumer debt from the Plaintiff.

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.  The Plaintiff, Andreas Pleschutznig ("Plaintiff"), is an adult individual residing in Houston, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.  The Defendant, ProCollect, Inc. ("ProCollect"), is a Texas business entity with an address of 12170 N. Abrams Rd., Suite 100, Dallas, Texas 75243, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.  **The Debt**

5. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,100.00 (the "Debt") to Cirrus Energy (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to ProCollect for collection, or ProCollect was employed by the Creditor to collect the Debt.

8. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B.  **ProCollect Engages in Harassment and Abusive Tactics**

9. On or about February 2012, ProCollect began placing up to four calls a week to Plaintiff's cellular phone line (xxx-xxx-7817) in an attempt to collect the Debt.

10. On numerous occasions Plaintiff verbally demanded that ProCollect cease calls.

11. ProCollect ignored Plaintiff's request and continued collection efforts.

12. On May 21, 2012, Plaintiff sent ProCollect a letter via Certified Mail which was received on May 23, 2012.

13. In the letter, Plaintiff offered to pay Defendant $50.00 in exchange for ProCollect's agreement to remove all information regarding the Debt from all credit reporting agencies.

14. The letter requested that ProCollect send Plaintiff a letter if ProCollect agreed to Plaintiff's terms.

15. The letter also stated in the event ProCollect did not accept Plaintiff's offer, ProCollect was to cease and desist all communication with Plaintiff.

16. Despite having received and signed for the certified letter on May 23, 2012, ProCollect continued to place collection calls to Plaintiff's cellular phone line in an attempt to collect the Debt.

17. On or about May 29, 2012, Plaintiff received a call from "John", ProCollect's collector, who acknowledged receipt of Plaintiff's letter and stated that collection calls would continue.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 24, 2012

Respectfully submitted,

By: __/s/ Jody B. Burton_____

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424